IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WALLACE IINUMA, as Successor Trustee of the Glenn Y. Kimura Revocable Living Trust, dated July 2, 2004,<br><br>        Plaintiff,<br><br>   vs.<br><br>BANK OF AMERICA, N.A., *et al*.,<br><br>        Defendants. | CIVIL NO. 14-00295 DKW-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION AND DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

**ORDER GRANTING DEFENDANTS' MOTION AND DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

As in several other recent cases filed by Iinuma's counsel in this Court, Iinuma lacks standing to bring this suit and has not satisfied the amount in controversy requirement. *See Remigio v. Parton*, 2014 WL 4639463 (D. Haw. Sept. 15, 2014); *Parton v. Colorado Fed. Sav. Bank*, 2014 WL 4639461 (D. Haw. Sept. 14, 2014); *Deshaw v. Mortgage Electronic Registration Sys., Inc.*, 2014 WL 3420771 (D. Haw. July 10, 2014); *Dimitrion v. Morgan Stanley Credit Corp.*, 2014 WL 2439631 (D. Haw. May 29, 2014); *Toledo v. Bank of New York Mellon, et al.*, CV 13-00539 DKW-KSC, Dkt. No. 45 (D. Haw. May 2, 2014); *Broyles v. Bank of America, et al.,* 2014 WL 1745097 (D. Haw. April 30, 2014); *Moore v. Deutsche Bank Nat'l Trust Comp., et al.*, 2014 WL 1745076 (D. Haw. April 30, 2014);

*Wegesend v. Envision Lending Group, et al.*, 2014 WL 1745340 (D. Haw. April 30, 2014); *Dicion v. Mann Mortgage, LLC*, 2014 WL 1366151 (D. Haw. April 4, 2014); *Pascua v. Option One Mortgage Corp.*, 2014 WL 806226 (D. Haw. Feb. 28, 2014). Consequently, this Court lacks subject matter jurisdiction, mandating dismissal of the complaint.

## BACKGROUND

Glenn Kimura took out a mortgage on his primary residence while he was still living. He later transferred the property into his living trust. Although Kimura made some payments on the loan secured by the mortgage, he eventually defaulted on the loan. After Kimura's passing, Iinuma became the successor trustee to the Glenn Y. Kimura Revocable Living Trust. Iinuma now asserts an uncertainty regarding whom to pay on the mortgage. Iinuma contends that he "is able and willing to pay the mortgagee/lender each month and has a duty to do so, but he is unable to ascertain which entity, if any, is the mortgagee/lender," and that he "has the right to negotiate with the owner of his mortgage to obtain a modification if it is actually owed." He asserts that neither of the named defendants is the mortgagee or lender. Complaint ¶¶ 1, 8–16, 23.

Iinuma asserts a single cause of action for "quiet title," seeking a declaration of "what is the interest (if any) of the Defendants and Plaintiff in the Subject Property and in the Mortgage therein." Complaint at 10, prayer for relief ¶ a.

Defendants (the previous and current servicers of the loan) move to dismiss the complaint for lack of subject matter jurisdiction. Iinuma did not oppose the motion.[1]

## STANDARD OF REVIEW

Defendants' motion is filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court "must determine that [it] ha[s] jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet

---

[1]Defendants' September 22, 2014 motion (Dkt. No. 11) was set for hearing on October 31, 2014 (*see* Dkt. No. 13). Pursuant to L.R. 7.4, any opposition to the motion was therefore due on or before October 10, 2014. No opposition or other response, however, was filed.

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). In order to establish standing, three requirements must be met:

> First and foremost, there must be alleged (and ultimately proved) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Id.* at 102–04 (internal citations and quotation marks omitted). *See Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996) ("A plaintiff has the burden of establishing the elements required for standing.").

Even where a plaintiff has standing, subject matter jurisdiction must also be established. Jurisdiction founded on diversity (the basis for jurisdiction alleged by Iinuma here) "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319

4

F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see* 28 U.S.C. § 1332. Where, as here, declaratory or injunctive relief is sought, it is "'well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The object of the litigation is "the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976); *see also Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (stating that the "required amount [in controversy is] the value of the particular and limited thing sought to be accomplished by the action").

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

## **DISCUSSION**

Iinuma lacks standing and has failed to satisfy the amount in controversy requirement necessary to establish diversity jurisdiction. Accordingly, the Court grants Defendants' motion and dismisses the complaint for lack of subject matter jurisdiction.

First, Iinuma has not alleged an injury-in-fact to sufficiently establish standing. Although Iinuma asserts his general concern that he *might* make payments to the wrong lender or mortgagee without the Court's assistance in

5

ascertaining to whom he should pay, Complaint ¶ 1, Iinuma does not allege that any defendant or any other entity has *actually* initiated foreclosure proceedings or that more than one party has *actually* demanded concurrent payment on the same loan—allegations necessary to show actual injury. Consequently, as Judge Seabright concluded in *Dicion*:

> Absent such factual allegations, the potential for multiple liability or foreclosure is no more than mere speculation and falls far short of constituting an Article III injury-in-fact. Thus, Plaintiff's injury is no more than his own uncertainty regarding which Defendant is entitled to his mortgage payments. Such a subjective uncertainty is neither sufficiently concrete nor particularized to constitute an injury-in-fact.

2014 WL 1366151, at *4 (internal citations omitted); *see also Pascua*, 2014 WL 806226, at *4 ("At most, the injury-in-fact that Pascua suffers is the 'uncertainty' he says he has regarding what entity he is supposed to pay. It is not clear that this subjective feeling of uncertainty is sufficiently concrete and particularized to constitute an injury-in-fact. It is also not clear that Pascua's purported injury, such as it is, is caused by Defendants' conduct rather than by Pascua's own apparent inability to discern the nature of his obligations." (internal citation omitted)). Indeed, there is nothing to even suggest that Iinuma is dealing with the wrong entities, as he apparently fears. Having alleged no injury-in-fact, and the Court

declining to allow Iinuma to manufacture one, Iinuma lacks standing, depriving the Court of subject matter jurisdiction. *Steel Co.*, 523 U.S. at 102.[2]

Second, the Court also lacks subject matter jurisdiction because the amount in controversy requirement necessary to establish diversity jurisdiction has not been satisfied. Iinuma alleges that "the amount in controversy is $303,000, the value of the disputed Mortgage. In the alternative, the amount in controversy is $350,000, the value of the Subject Property." Complaint ¶ 5. However, as Judge Mollway discussed in *Pascua*:

> Here, the matter Pascua says he wants to accomplish does not implicate the entire debt or the value of the property. Although he styles his claim as one to "quiet title," Pascua does not allege that he holds title to the property free and clear of any debt obligation. Nor does Pascua seek to enjoin a foreclosure. In either such situation, the full debt or the property itself would be the object of the litigation, because the claimant would be trying to prevent paying the debt or losing the property. Pascua, by contrast, asks for a declaration to prevent him from feeling uncertainty as to whom to pay. He is not actually being asked to pay his acknowledged debt more than once. The amount in controversy is therefore the subjective value to Pascua of freeing him from that risk. Courts are often disinclined to speculate as to the monetary value of something so vague and amorphous as a feeling of uncertainty.

---

[2]The Court also adopts the same reasoning and conclusion reached by Judge Seabright in *Dicion* for the second and third requirements of standing:

> Furthermore, in the absence of a demand for payment from multiple Defendants, Plaintiff's uncertainty is not fairly traceable to any challenged action of the Defendants. Nor is Plaintiff's uncertainty likely to be redressed by a favorable decision.

2014 WL 1366151, at *5 (alterations, quotation marks, and citation omitted).

7

2014 WL 806226, at *5 (internal citations omitted).

Similarly here, Iinuma asks for a declaration to clarify his alleged confusion as to whom to pay. Therefore, the object of the litigation is not the value of the property, but is instead the value in relieving Iinuma's uncertainty. *Dicion*, 2014 WL 1366151, at *6. However, Iinuma has not even attempted to prove what the value of that uncertainty is and the Court will not speculate. In short, "because the true purpose of this action is neither to quiet title in favor of Plaintiff and against all Defendants, nor to stop an imminent foreclosure sale, simply requesting such relief cannot transform the object of litigation to the subject property [or the value of the mortgage]." *Dicion*, 2014 WL 1366151, at *6 n.6.

Finally, the Court notes that Iinuma seeks a declaration to remove all clouds on the title of the property. However, even if the Court had subject matter jurisdiction, "Plaintiff['s] contention that they do not know to whom their debt is owed is not a basis to 'quiet title.'" *Klohs v. Wells Fargo Bank, N.A.*, 901 F.Supp.2d 1253, 1261 n.4 (D. Haw. 2012).

**CONCLUSION**

The Court hereby grants Defendants' motion and dismisses Iinuma's complaint for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: October 20, 2014 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

Iinuma v. Bank of America, N.A., et al.; CV 14-00295 DKW/KSC; ORDER GRANTING DEFENDANTS' MOTION AND DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

9